IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORY L. MOMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0167 |
| | § | |
| BUHLEBOTHAND BELINDA ZIMU-SCOTT, TEXAS ATTORNEY GENERAL, LAB CORP. INC, STEPHAN L. HONORE, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendants' motions to dismiss (Docs. 11, 16, 19, 23). The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

### I. Case Background

Plaintiff filed this action in federal court alleging that he is a victim of marriage and paternity fraud.[2] Plaintiff alleges that Defendant Buhlebothand Belinda Zimu-Scott ("Zimu-Scott") filed fraudulent paperwork claiming to be married to Plaintiff.[3]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 22, Ord. Dated April 16, 2017.

[2] See Doc. 1, Pl.'s Compl.

[3] See id. p. 1.

Plaintiff also complains that Defendant Lab Corp. ("Lab Corp.") fraudulently administered a paternity test that was used to establish his paternity of C.M., Zimu-Scott's child.[4] Finally, Plaintiff alleges a claim for defamation based on Zimu-Scott's use of Plaintiff's last name from 1998 to 2007.[5] In support, Plaintiff has attached state court documents to his complaint wherein: (1) Zimu-Scott was granted a divorce from Plaintiff in 2007; (2) Plaintiff was declared to be C.M.'s father in 2003; (3) the state court ordered parental support obligations in 2003 as a result of the finding of paternity; and (4) the court's dismissal for want of prosecution on June 28, 2011.[6] Plaintiff has annotated several of these state court documents with his observations.[7]

Plaintiff filed the present lawsuit on January 13, 2017, against Zimu-Scott, the Texas Attorney General ("OAG"), Lab Corp., Stephen L. Honore ("Honore"), and the United States Citizenship and Immigration Services ("USCIS").[8] OAG, Lab Corp., Honore, and USCIS

---

[4] See id. p. 1-3.

[5] See id.

[6] See Doc. 1-1, Ex. A to Pl.'s Compl., Final Decree of Divorce pp. 1-9; Doc. 1-1, Ex. B to Pl.'s Compl., Ord. Establishing the Parent-Child Relationship pp. 1-18; Doc. 1-2, Ex. C to Pl.'s Compl., Ord. for Parentage Testing, pp. 1-7; Doc. 1-2, Ex. D to Pl.'s Compl., Dismissal Ord. p. 1.

[7] See Doc. 1-1, Ex. A to Pl.'s Compl., Final Decree of Divorce pp. 1-9; Doc. 1-1, Ex. B to Pl.'s Compl., Ord. Establishing the Parent-Child Relationship pp. 1-18; Doc. 1-2, Ex. C to Pl.'s Compl., Ord. for Parentage Testing, pp. 1-7; Doc. 1-2, Ex. D to Pl.'s Compl., Dismissal Ord. p. 1.

[8] See Doc. 1, Pl.'s Compl.

have each filed a motion to dismiss.[9]  Plaintiff has not filed any response to those motions.

### III.  Motion to Dismiss Standard

**A. <u>Subject Matter Jurisdiction</u>**

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3).  Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375, 377 (1994); <u>see also</u> <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377; <u>Howery</u>, 243 F.3d at 916, 919.  In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. <u>John Corp. v. City of Houston</u>, 214 F.3d 573, 576 (5th Cir. 2000).

The court may decide a motion to dismiss for lack of subject matter jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Ramming</u>, 281 F.3d at 161.  The court, in determining whether it is properly

---

[9]  <u>See</u> Docs. 11, 16, 19, 23, Defendants' Motions to Dismiss.

vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

The court should decide the Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion before addressing any attack on the merits. Ramming, 281 F.3d at 161. A district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, its jurisdiction over such actions is limited to actual cases or controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement . . . ." Id. at 560.

**B. Failure to State a Claim**

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of

the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 93 (5th Cir. 1995) (citation omitted).

**C. Insufficient Service of Process**

Federal Rule of Civil Procedure ("Rule") 4(c)(1) requires that a summons be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). It is the plaintiff's responsibility to ensure that the summons and complaint are served within the time allowed by Federal Rule of Civil Procedure ("Rule") 4(m). Fed. R. Civ. P. 4(c)(1). The plaintiff is also responsible for providing copies of the summons and complaint to the person who makes service. Fed. R. Civ. P. 4(c)(1).

Rule 4(m) requires that a complaint be served on a defendant

5

within ninety days after it is filed with the court. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve a defendant within that time period, Rule 4(m) allows the court to dismiss the action against the unserved defendant. Fed. R. Civ. P. 4(m). The court may do so sua sponte, provided it gives the plaintiff notice. Fed. R. Civ. P. 4(m). If, however, the plaintiff can show good cause for failing to serve the defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## IV. Analysis

In the present motion, Defendants seek dismissal of this action on several grounds, including Eleventh Amendment official immunity, limitations, failure to state a claim upon which relief can be granted, Plaintiff's lack of standing, and the Rooker-Feldman doctrine. In addition to these defenses, Honore moves to dismiss based on insufficient service of process. The court begins and ends with the Rooker-Feldman doctrine.

**A.    Federal Claims**

Under the Rooker-Feldman doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). The Rooker-Feldman doctrine establishes that a federal court lacks subject matter when issues in federal court are

"inextricably intertwined" with a final state court judgment such that the court is "in essence being called upon to review a state-court decision." Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995). The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiff's federal constitutional claims arise from the state court's orders granting Zimu-Scott a divorce from Plaintiff and establishing Plaintiff's paternal obligations to C.M. In essence, Plaintiff claims that the state court judgments violate his due process rights because he was in jail at the time of the decisions and was therefore unable to defend himself. This claim is "inextricably intertwined" with the state court's judgment, and the court is "in essence being called upon to review the state-court decision." United States v. Shepard, 23 F.3d 923, 924 (5th Cir. 1994). Any review of a state court decision must be left to the appropriate state appellate court. Liedtke, 18 F.3d at 317.

The Rooker-Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiff's claims that arise from the state court's decisions to grant Zimu-Scott's request for a divorce and establish Plaintiff's paternal obligations. Accordingly, Plaintiff's constitutional claims must be dismissed.

**B.  State Law Claims**

If a court has original jurisdiction over at least one claim in a case, it may assert jurisdiction over other claims to which it would lack original jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). However, under 28 U.S.C. § 1367(c)(3), if the district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over the remaining claims. In the Fifth Circuit, "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." Brookshire Bros. Holding, Inc. v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009); see also Gibbs, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

In this case, the court had original jurisdiction over Plaintiff's due process claims because they raised a constitutional question. The court has recommended that these claims be dismissed under the Rooker-Feldman doctrine. If this recommendation is adopted, the only claims that would remain are Plaintiff's state law claims for fraud and defamation. This case is at its infancy and no discovery has taken place. Applying 28 U.S.C. § 1367(c)(3), the court recommends that the court decline to exercise

supplemental jurisdiction over the remaining state law claims.[10]

## V. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED** and that this case be **DISMISSED** for want of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of June, 2017.

_____
U.S. MAGISTRATE JUDGE

---

[10] Because the undersigned recommends that the court decline to exercise supplemental jurisdiction over the state law claims, the court need not reach Defendant Honore's alternative motion to dismiss for improper service of process.